## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 17 2017, 8:46 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark S. Lenyo
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Vincent Battle,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 17, 2017

Court of Appeals Case No.
71A03-1703-CR-688

Appeal from the St. Joseph
Superior Court

The Honorable John M.
Marnocha, Judge

Trial Court Cause No.
71D02-1507-F6-468

**Bailey, Judge.**

# Case Summary

[1] Vincent Battle ("Battle") appeals his conviction for Battery, as a Level 6 felony.[1] We affirm.

# Issues

[2] Battle presents two issues for review:

  I. Whether the trial court abused its discretion by admitting evidence under the excited utterance exception to the hearsay rule; and

  II. Whether sufficient evidence supports his conviction.

# Facts and Procedural History

[3] During the evening of July 10, 2015, L'Nita Webb ("Webb") returned home from work and checked on her daughters, two-year-old M.W. and six-year-old L.W. With the children tucked in bed and unharmed, Webb left them in the care of her live-in boyfriend, Battle, and went to meet her sister. After Webb had been gone about ninety minutes, she got a call from Battle. He reported that M.W.'s face was swollen and Webb needed to come home.

[4] Twenty or thirty minutes later, Webb arrived home to find Battle holding M.W. M.W.'s eye was swollen shut, her nose was bloodied, and she was making

---

[1] Ind. Code § 35-42-2-1(e)(3).

"whining" sounds. (Tr. at 28.) Webb began to cry, whereupon M.W. also began to cry. Webb decided to take M.W. to the hospital. She dressed M.W. in pajamas and took her out to the car. As Webb put M.W. into her car-seat, which took place about twenty to thirty minutes after Webb got home, Webb asked "what happened … who did that." (Tr. at 30.) M.W. responded with "Bay," which was her nickname for Battle. (Tr. at 37.)

[5] Battle was subsequently arrested and charged with two counts of Battery. On January 24, 2017, Battle was tried in a bench trial and found guilty of a single count of Battery. He was sentenced to one year imprisonment, all suspended to probation. He now appeals.

# Discussion and Decision

## Admission of Evidence

[6] At trial, Webb objected on hearsay grounds to the admission of M.W.'s statement to Webb identifying Battle as the source of her injuries. After hearing argument of counsel, the trial court found the statement to be admissible as an excited utterance.

[7] Hearsay, an out-of-court statement offered in evidence to prove the truth of the matter asserted, is inadmissible unless admitted pursuant to a recognized exception. Ind. Evidence Rule 82. An excited utterance is an exception defined as "[a] statement relating to a startling event or condition made while

the declarant was under the stress of excitement caused by the event or condition." Ind. Evidence Rule 803(2).

[8] The application of this rule is not mechanical; the statement must be trustworthy under the specific facts of the case at hand. *Brittain v. State*, 68 N.E.3d 611, 620 (Ind. Ct. App. 2017). "[T]he heart of the inquiry is whether the statement is inherently reliable because the declarant was incapable of thoughtful reflection." *Id.* The amount of time that has passed between the event and the statement is not dispositive; rather, the issue is whether the declarant was still under the stress of excitement caused by the startling event when the statement is made. *Id.* at 621.

[9] Webb argues that M.W.'s statement is unreliable because it was made in response to questioning, a significant amount of time had elapsed between the injury and the statement, and the State did not demonstrate that M.W. was still under the stress of excitement. We review the trial court's decision on the admission or exclusion of evidence for an abuse of discretion. *Roche v. State*, 690 N.E.2d 1115, 1134 (Ind. 1997).

[10] M.W.'s statement was made in response to her mother's questioning. However, "[a] declaration does not lack spontaneity simply because it was an answer to a question." *Yamobi v. State*, 672 N.E.2d 1344, 1346 (Ind. 1996). Whether in response to questioning or not, the statement "must be unrehearsed and made while still under the stress of excitement from the startling event." *Id.* Another factor to be considered is the time between the startling event and the

hearsay statement. *Id.* Here, the timeline shown by the State's evidence is as follows. L.W. testified that she was awakened from sleep hearing "slapping noises" and her sister crying. (Tr. at 11.) Her mother came home a "little while later." (Tr. at 19.) Webb testified that she arrived home twenty or thirty minutes after receiving Battle's call. She placed M.W. in her car-seat about twenty to thirty minutes after arriving home. As such, M.W.'s statement appears to have been made within an hour or so after the startling event.

[11] When M.W. made the statement, she had just been released from Battle's care. She was whining when she first saw her mother, and the expression of distress escalated to cries. Her face was swollen, one eye was swollen shut, and her nose was bloodied. The trial court could reasonably conclude that M.W., a two-year-old child, was not "capable of thoughtful reflection" at the time she responded to her mother. *Brittain*, 68 N.E.3d at 620. We find no abuse of the trial court's discretion in the admission of M.W.'s statement as an excited utterance.

## Sufficiency of the Evidence

[12] To convict Battle of Battery, as a Level 6 felony, as charged, the State was required to establish beyond a reasonable doubt that Battle, a person over age eighteen, knowingly or intentionally touched M.W., a child under the age of fourteen, in a rude, angry, or insolent manner. I.C. § 35-42-2-1(e)(3).

[13] When reviewing the sufficiency of the evidence, we will not reweigh the evidence or assess the credibility of witnesses. *Henley v. State*, 881 N.E.2d 639,

652 (Ind. 2008). We consider only the evidence most favorable to the conviction, together with all reasonable and logical inferences drawn therefrom. *Id.* We affirm the conviction if there is substantial evidence of probative value to support the conclusion of the trier of fact. *Id.*

[14] Wood testified that she left home around 1:00 a.m., leaving her small children alone with Battle. At that time, M.W. had no visible injury. L.W. testified that she awoke to slapping sounds. Her sister was not in the room they shared; L.W. could hear M.W. crying in another room. Per the testimony of both Battle and Wood, Battle summoned Wood home before 4:00 a.m. to check on M.W.'s swollen face. When Wood saw M.W., the child's face was swollen, one eye was swollen shut, and her nose was bloodied. In response to Wood's questioning, M.W. indicated that Battle had caused the injuries. This is sufficient evidence from which the trier of fact could conclude that Battle committed battery upon M.W.

# Conclusion

[15] Battle has demonstrated no abuse in the trial court's admission of evidence. Sufficient evidence supports his conviction.

[16] Affirmed.

Baker, J., and Altice, J., concur.